UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ARI MAKINEN,

        Plaintiff,

   v.

DANIEL LITTLE and ANGIE LITTLE,

        Defendants.

NO. CIV. S-06-01887 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on defendants Daniel Little and Angie Little's (collectively, "defendants") motion to dismiss plaintiff Ari Makinen's ("plaintiff") complaint due to lack of standing and improper venue. In the alternative, defendants move to transfer this action to the District Court for the Western District of Oklahoma. For the reasons set forth below, defendants' motions are DENIED.[1]

/////

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

**BACKGROUND**

On or about November 14, 2004, the parties executed a "Truck Modification Agreement" and transportation agreement while in El Dorado County, California. (Pl.'s First Am. Verified Compl., filed Oct. 30, 2006 ["FAC"], 2:24-26.) Under these contracts, defendants agreed to convert plaintiff's 1995 Hummer H-1 from a four-wheel drive vehicle to a six-wheel drive/steering vehicle. (Id. at 2:26-27.) Plaintiff delivered the vehicle to defendants in El Dorado County, where defendants took possession of the vehicle and hauled it to Lawton, Oklahoma. (Id. at 3:8-12.) The contracts provided that defendants would commence work on the vehicle on or about November 15, 2004, and complete the modifications by January 1, 2005. (Id. at 2:27-3:2.) Plaintiff asserts that defendants assured him that the work staff necessary to complete the tasks on his vehicle were available and would be devoted to the vehicle's modifications. (Id. at 3:4-6.)

In March 2005, two months after the agreed upon completion date, plaintiff requested that defendants return the vehicle to El Dorado County, California. (Id. at 3:14-15.) A year later, in April 2006, defendants brought the vehicle to El Dorado County, where plaintiff took possession of the vehicle. (Id. at 3:15-17.) Upon inspection of the vehicle, plaintiff found that the modifications contracted for were incomplete and that the vehicle could not be driven. (Id. at 3:17-19.) Plaintiff contacted defendants regarding the condition of the vehicle. (Id. at 3:19.)

In response to plaintiff's complaints, defendants sent an employee to El Dorado County to complete the tasks described in

2

the Truck Modification Agreement and to make repairs to the vehicle. (Id. at 3:20-21.) Defendants' employee completed these tasks at plaintiff's place of business in El Dorado County. (Id. at 22-23.) Plaintiff asserts that, as a result of defendants' delay in delivering the vehicle with the modifications contracted for by the parties, he suffered damages. Plaintiff brings claims for breach of contract and fraud. (Id. at 7-8.)

Defendants now move to dismiss plaintiff's action on the grounds of lack of standing to sue and improper venue. In the alternative, defendants seek to transfer this action to an alternate venue.

**ANALYSIS**

**A.  Lack of Standing to Sue**

Defendants seek dismissal on the ground that Ari Makinen Enterprises, Inc. is not a party to the contract. In particular, defendants contend that Ari Makinen Enterprises, Inc. lacks standing to sue because the contract between the parties was entered into and signed by plaintiff Ari Makinen, individually, and not by Ari Makinen Enterprises, Inc. (Notice of Mot. and Mot. to Dismiss, filed Oct. 4, 2006 ["Mot'n"], at 2:4-6.)

Under Rule 17(a) of the Federal Rules of Civil Procedure ("Rule 17(a)"), an action shall be prosecuted in the name of the real party in interest. Rule 17(a) also states that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed ... for ratification of commencement of the action by ... the real party in interest."

///

After defendants filed this motion, plaintiff filed an amended complaint correcting the identity of the real party in interest. A substitution of plaintiffs is liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations. See Raynor Bros. v. American Cyanimid Co., 695 F.2d 382, 384 (9th Cir.) (stating that "when the original plaintiff and the substituted plaintiff have sufficient identity of interests, relation back of the amendment is not prejudicial to the defendant"). Here, plaintiff's first amended complaint merely substituted plaintiff's name in place of the corporation and did not alter the factual allegations. The substitution of individual plaintiff in the stead of plaintiff's corporation does not alter the allegations in the original complaint. Plaintiff Ari Makinen is the real party in interest because he signed the contract at issue in this litigation. Therefore, defendants' motion to dismiss for lack of standing to sue is DENIED.

**B.   Improper Venue**

Defendants assert that this district is an improper venue because a substantial amount of work was not performed in California and all of their witnesses reside in Oklahoma. Plaintiff argues that California is a proper venue because a substantial part of the events occurred in California. (Opp'n at 4.)

Venue is governed by 28 U.S.C. § 1391. In particular, section 1391(a)(2) provides that "a civil action wherein jurisdiction is filed only on diversity of citizenship may . . . be brought only in ... a judicial district in which a substantial

4

part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. . . ." 28 U.S.C. § 1391 (West 2006). Although it is possible to find proper venue in more than one district, plaintiffs must show that a substantial part of the events giving rise to their claims arose in the chosen district. See Rodriguez v. California Highway Patrol, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000). In contract actions, relevant factors to consider in determining whether venue is proper include the following: (1) where the contract was signed; (2) where the negotiations took place; and, (3) where the performance or breach occurred. See Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001).

The parties agree that the Truck Modification Agreement was signed in California. However, the parties do not agree on the location of where negotiations of the contract took place. Defendants contend that the contract was primarily negotiated in Oklahoma, but admit that some negotiations took place in California. (Mot'n at 4:8-10.) Plaintiff contends that the contract was negotiated in California. (FAC at 2:10-11.)

The parties also dispute whether performance and breach of contract occurred in California. In determining the location of where performance or breach of the contract occurred, the court focuses on the activities of defendants rather than the activities of plaintiff. See Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371-72 (11th Cir. 2003); See also Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995). Defendants executed the Truck Modification Agreement in California, hauled the vehicle from

5

California to Oklahoma, and returned the vehicle to California. (FAC at 2-3.)  Defendants also agreed to complete the modifications to the vehicle in approximately six weeks, between November 15, 2004 and January 1, 2005.  (FAC at 2:27-3:2.) Defendants, however, delivered the vehicle to plaintiff in El Dorado County nearly a year-and-a-half later.  (FAC at 3:15-17.) Subsequently, defendants sent a mechanic to California to make repairs to the vehicle.  (FAC at 3:20-23.)  The mechanic spent three months repairing the vehicle at plaintiff's place of business in El Dorado County.  (Decl. of Joe Brleitich, filed Nov. 13, 2006.)  Plaintiff also contends that defendants made false representations of their expertise and knowledge of Hummer vehicles while in California.  (FAC at 5:19-25.)  Plaintiff's cause of action for fraud arises from these representations.

Although the vehicle was in Oklahoma for over a year for modifications, the contract was signed in California, the contract was at least partially, if not entirely, negotiated in California, defendants' mechanic spent three months repairing the vehicle in California, and the representations giving rise to plaintiff's fraud claim were made in California.  Based upon the facts before it, the court cannot find that venue is improper in this district.  See Rodriquez, 89 F. Supp. 2d at 1136 (indicating that proper venue is not necessarily found in the district where a predominate portion of the events occurred but rather, in a district where a substantial part of the events occurred that gave rise to plaintiff's claim).  Therefore, because a substantial part of the events giving rise to plaintiff's breach of contract and fraud claims took place in California, the court

6

finds that this district is a proper venue to litigate this action. Defendants' motion to dismiss on the ground of improper venue is DENIED.[2]

## C.  Transfer of Venue

In the alternative, defendants seek to transfer this action to the District Court for the Western District of Oklahoma. Defendants assert that the Oklahoma district court is a more convenient venue for their witnesses than this district. (Mot'n at 4:11-23.) Plaintiff, however, contends that defendants have not met their heavy burden of showing that transfer of venue, under 28 U.S.C. § 1404(a), is warranted. (Opp'n at 6:26-7:10.)

Under 28 U.S.C. § 1404(a), a district court may "for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). A defendant moving to transfer venue under § 1404(a) must satisfy both of the following requirements: (1) the transferee district is one in which the action might have been brought originally; and, (2) transfer will enhance the convenience of the parties and witnesses, and is in the interests of justice. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). In considering the second requirement, the court employs a case by case analysis, which may include evaluation of the following factors: (1) the plaintiff's choice of forum; (2) the respective parties' contacts with the forum; (3) the availability of compulsory process; (4) the

---

[2] The court does not consider defendants' motion to transfer venue under 28 U.S.C. § 1406(a) because this district is a proper venue to litigate this action.

7

convenience of parties and witnesses; and, (5) judicial economy. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

Assuming that the Western District of Oklahoma is a proper venue, defendants' showing, in light of the factors described in Jones, is insufficient to persuade the court that transfer of venue is appropriate.[3]  Courts generally afford considerable weight to plaintiff's choice of forum. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). Here, plaintiff brought the instant action in this forum and his choice of forum should not be disturbed unless defendants "make a strong showing of inconvenience to warrant" such a transfer. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

Plaintiff has substantial contacts with this forum because of his residence in El Dorado County and ownership of a commercial tour business in this forum. Defendants, however, argue that their contact with this forum is limited because they primarily conduct their vehicle modification business in Oklahoma. However, defendants had the following contacts with this forum: the execution of the Truck Modification Agreement in El Dorado County; the hauling of plaintiff's vehicle from El Dorado County to Oklahoma; the return of plaintiff's vehicle to El Dorado County; and, the subsequent repair of plaintiff's vehicle in El Dorado County.

---

[3] Defendants assert the District Court for the Western District of Oklahoma is a proper venue to litigate this action for two reasons: (1) that court holds personal jurisdiction over them; and, (2) defendants' witnesses reside in that district.

8

The convenience of witnesses is considered the most important factor in a transfer of venue analysis. L.A. Memorial Coliseum Comm'n v. Nat'l Football League, 89 F.R.D. 497, 501 (C.D. Cal. 1981). Defendants contend that the availability of compulsory process is a factor which weighs in favor of transfer from this district because defendants have identified witnesses from Oklahoma that will be summoned for trial but cannot be compelled to travel to California. Defendants list 28 potential witnesses from Oklahoma that would suffer hardship in traveling to California for trial. (Decl. of Daniel Little in Reply to Pl.'s Opposition to Mot. to Dismiss, filed Nov. 9, 2006 ["Reply"]). Among these witnesses, defendants identify Joe Brleitich, a mechanic who worked on the vehicle in both Oklahoma and California, as their "*key witness*." (Id. ¶ 18.) Defendants allege that Mr. Brleitich cannot afford to travel to California to testify and cannot be compelled to do so. (Id.) However, defendants never contacted Mr. Brleitich about testifying at trial or whether traveling to California would be inconvenient. (Decl. of Joe Brleitich, filed Nov. 13, 2006, ¶ 4.) In fact, Mr. Brleitich now lives in California and is willing to testify in this case. (Id. ¶¶ 1 & 3.)[4] Since defendants' "*key witness*" resides in California and is subject to compulsory service of

---

[4] Defendants also identified Butch and Gordon Heying ("Heyings") as potential witnesses from Oklahoma that would suffer hardship if summoned to testify in California. The Heyings, however, were never contacted by defendants concerning their potential testimony. In addition, the Heyings are willing to travel to California to testify. (Decl. of Butch Heying, filed Nov. 13, 2006; Decl. of Gordon Heying, filed Nov. 13, 2006.)

9

process in California, this factor does not weigh in defendants' favor.

This district has a significant interest in having local interests decided at home.  See Ravelo Monegro v. Rosa, 21 F.3d 509, 512 (9th Cir. 2000)(suggesting that local courts have an interest in adjudicating disputes arising from its forum).  In this case, plaintiff's breach of contract claim arose from an agreement executed in this forum between resident plaintiff and out-of-state defendants.  Further, plaintiff's claim for fraud stemmed from alleged misrepresentations made by out-of-state defendants in this forum.

On balance, defendants have not met their heavy burden of showing sufficient inconvenience to themselves or non-party witnesses in having the trial held in this district.  Therefore, defendants' motion to transfer venue is DENIED.

## CONCLUSION

For the foregoing reasons, defendants' motions are DENIED.

IT IS SO ORDERED.

DATED: November 27, 2006.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE